# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CORRAL, | Case No.: 1:21-cv-00822-DAD-JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND ORDERING THE COMPLAINT TO BE DISMISSED WITH LEAVE TO AMEND |
| v. | |
| CALIFORNIA HIGHWAY PATROL, et al., | |
| Defendants. | [THIRTY-DAY OBJECTION DEADLINE] |

John Corral seeks to proceed *in forma pauperis* in this action against the California Highway Patrol and named officers based on an incident that occurred on June 5, 2019. Under 28 USC § 1915(e)(2), the Court is obligated to deny the motion to proceed *in forma pauperis* if the allegation of poverty is untrue or the action is frivolous or malicious, it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune. For the reasons set forth below, the Court recommends that the motion to proceed *in forma pauperis* be DENIED and the complaint be DISMISSED with leave to amend.

**I.     Plaintiff's Application to Proceed *In Forma Pauperis***

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that he is unable to

1

pay such fees. 28 U.S.C. § 1915(a).

Plaintiff's May 20, 2021 *in forma pauperis* application states that plaintiff is earning $5,800 in gross pay or wages monthly and has $1,000 in a bank account and identified that his sister lives with him and "buys the majority of food monthly instead of paying rent to [him]." (Doc. 2 at 1-2.) Plaintiff also indicates that he was off work from December 4, 2019 to December 2, 2020 and received state disability insurance biweekly in the amount of $1,632. (Id. at 3.) Plaintiff also received pandemic stimulus payments in the amounts of $1,200, $600, and $1,400. (Id. at 4-6.) In light of plaintiff's stated financial situation, the Court finds that plaintiff has failed to show that he is unable to pay the filing fees. Thus, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.").

Moreover, even a determination that a plaintiff qualifies financially for *in forma pauperis* status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The Court is required to deny an application to proceed *in forma pauperis* when the complaint fails to state a claim. 28 USC § 1915(e)(2). For the reasons set forth below, the Court finds that the plaintiff's complaint fails to comply with the requirements of Rule 8 and fails to state a claim. As a result, this forms an alternate basis to deny the application to proceed *in forma pauperis*. Although the

Court concludes that the complaint should be dismissed, it recommends that leave to amend be granted. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

**II.     Screening Requirement**

The court must dismiss an *in forma pauperis* case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).

### V. Factual Allegations

Plaintiff's allegations are based on an incident with officers of the California Highway Patrol that occurred on June 5, 2019. (Doc. 1 at 7.) Plaintiff alleges that he was wrongfully detained and harmed by the defendants. (Id.) Plaintiff claims that he has suffered intentional infliction of emotional distress based on the actions of the defendants. (Id.) Plaintiff alleges that not only has he experienced psychological damage, his family has also suffered as a result of defendants' actions. (Id.) According to the plaintiff, the actions of the defendants resulted in him being admitted to the intensive care unit on June 5, 2019, he had three other hospital admissions and also suffered a stroke. (Id.) Plaintiff claims that he now has a recurring kidney injury and cognitive and memory deficits. (Id.)

|   |   |
|---|---|
| 1 | According to the plaintiff, he lost out on four months of full pay, and upon his return to work, |
| 2 | he was served with an adverse action for 45 days of suspension due to allegations made by the |
| 3 | California Highway Patrol. (Id.) Plaintiff claims that he has lost $35,000 in pay. (Id.) Plaintiff claims |
| 4 | he is not the same person that he was before the incident on June 5, 2019, and that it has caused severe |
| 5 | depression. (Id.) Plaintiff alleges that he will have to retire early due to his injuries. (Id.) Plaintiff also |
| 6 | alleges that he has not been able to keep his financial commitments to creditors and family. (Id.) |
| 7 | Plaintiff claims that he has been "shamed, persecuted to this day and mentally abused." (Id.) |
| 8 | Plaintiff asserts that he wants to be compensated for all the pain and suffering that he has endured and |
| 9 | continues to endure and also seeks punitive damages. (Id.) |

## VI. Discussion and Analysis

The plaintiff alleges that he suffered from intentional infliction of emotional distress caused by the incident on June 5, 2019 with officers of the California Highway Patrol. A claim for intentional infliction of emotional distress, requires a plaintiff to establish: (1) outrageous conduct by the defendant, (2) who intended to cause or recklessly disregarded the probability of causing emotional distress, (3) and the defendant's actions were the actual and proximate cause (4) of the plaintiff's severe emotional suffering. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004), citing Brooks v. United States, 29 F.Supp.2d 613, 617 (N.D. Cal. 1998).

Plaintiff's allegations merely describe what has resulted from the incident, *i.e.*, being hospitalized, experiencing psychological damage and impacts on his work; however, plaintiff fails to provide sufficient details regarding the incident itself. Plaintiff fails to provide details regarding the alleged harmful or outrageous conduct by the defendants at the incident on June 5, 2019 and fails to demonstrate that the alleged actions were the cause of plaintiff's emotional distress.

As currently drafted, the plaintiff's filing does not contain sufficient factual details to permit the Court to draw the reasonable inference that any defendants are liable for the misconduct alleged. See Iqbal, 556 U.S. at 678. Plaintiff's complaint does not comply with the requirements of Rule 8(a). However, the Court will provide plaintiff with one opportunity to file an amended complaint that sets forth facts sufficient to support his claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987); see also Lopez, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for

failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Finally, plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986) (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

**VII.    Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's complaint be **DISMISSED** with leave to amend;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and
3. Plaintiff **SHALL** pay the filing fee at the time of filing the first amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 2, 2021**              _ **/s/ Jennifer L. Thurston**
                                                           CHIEF UNITED STATES MAGISTRATE JUDGE