**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN CORRAL,<br><br>           Plaintiff,<br><br>      v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>           Defendants. | Case No.: 1:21-cv-00822-DAD-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE<br><br>[14-DAY OBJECTION DEADLINE] |

Plaintiff initiated this action against the California Highway Patrol and named officers based on an incident that occurred on June 5, 2019. (Doc. 1.) On August 9, 2021, the Court denied Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint with leave to amend. (Doc. 4.) Plaintiff has failed to comply with the Court's order to file an amended complaint and failed to prosecute the action. Accordingly, the Court orders the action be **DISMISSED** without prejudice.

**I.     Relevant Background**

On May 20, 2021, Plaintiff initiated this action by filing a complaint and motion to proceed *in forma pauperis*. (Docs. 1, 2.) Plaintiff's allegations are based on an incident with officers of the California Highway Patrol that occurred on June 5, 2019. (Doc. 1 at 7.) On June 3, 2021, the Court issued findings and recommendations recommending that the complaint be dismissed with leave to amend, Plaintiff's motion to proceed *in forma pauperis* be denied, and Plaintiff be required to pay the required filing fee at the time of filing the first amended complaint. (Doc. 3.) The Court adopted the

findings and recommendations on August 9, 2021, granting Plaintiff thirty days to file a first amended complaint and pay the required filing fee at the time of filing the first amended complaint. (Doc. 4.) However, Plaintiff failed to file an amended complaint or pay the filing fee.

On September 21, 2021, the Court issued an order to show cause why the action should not be dismissed for failure to comply with the Court's orders. (Doc. 5.) To date, Plaintiff has not responded to the Court's orders or taken any other action to prosecute this matter.

## II. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d

983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").  Accordingly, these factors weigh in favor of dismissal of the action.

### B.  Prejudice to Defendants

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the . . . ability to go to trial or threaten to interfere with the rightful decision of the case."  *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Here, Plaintiff has not taken any action to further his prosecution of the action, despite being ordered by the Court to do so.  Therefore, this factor weighs in favor of dismissal.

### C.  Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions."  *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order."  *Malone*, 833 F.2d at 133.

The Court warned Plaintiff in the order to show cause that "[t]he failure to comply with this order will result in a recommendation that the Court dismiss the action."  (Doc. 5 at 2.)  Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North*

*America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warning to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Order

Plaintiff failed to comply with the Court's orders dated August 9, 2021 (Doc. 4) and September 21, 2021 (Doc. 5) and failed to prosecute this action.  Accordingly, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice; and
2. The Clerk of Court be **DIRECTED** to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 25, 2021**           _ **/s/ Jennifer L. Thurston**
                                           CHIEF UNITED STATES MAGISTRATE JUDGE